THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D'VOREAUX CANN, | CASE NO. C23-0076-JCC |
| Plaintiff, | ORDER |
| v. | |
| BOEING EMPLOYEES CREDIT UNTION, | |
| Defendant. | |

This matter comes before the Court on *sua sponte* pre-service section 1915(e)(2)(B) review of Plaintiff's second amended complaint (Dkt. No. 7). Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis*, (Dkt. No. 1), which the Honorable S. Kate Vaughan, United States Magistrate Judge, granted (Dkt. No. 3). Under 28 U.S.C. § 1915(a), the Court must review and dismiss before service the lawsuit of any person seeking to proceed *in forma pauperis* if it is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief

1   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The
2   complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to
3   support one. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).
4       The Court holds *pro se* pleadings to a less stringent standard than ones drafted by lawyers
5   and liberally construes them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551
6   U.S. 89, 93 (2007). When dismissing a complaint under § 1915(e), the Court gives *pro se*
7   plaintiffs leave to amend unless it is absolutely clear that the deficiencies of the complaint could
8   not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1006 (9th Cir. 1995).
9       Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff
10  alleges Defendant made a billing error in violation of the Fair Credit Billing Act ("FCBA"),
11  codified at 15 U.S.C. § 1666. (Dkt. No. 7 at 6.) Plaintiff also cites various other statutory and
12  regulatory provisions related to billing errors and financial disclosures. (*Id.*) Under the FCBA,
13  within sixty days of receipt of a billing statement, an obligor may send written notice to the
14  creditor indicating the obligor believes there was a billing error. 15 U.S.C. § 1666(a). The
15  creditor must then send written acknowledgment of the notice and either make appropriate
16  corrections or provide a written explanation why the billing statement was correct. *Id.*
17      Here, Plaintiff provides no factual support for his claim that Defendant committed a
18  billing error that it failed to correct. (*See generally* Dkt. No. 7.) In fact, the documents he does
19  provide accompanying the complaint seem to indicate that Defendant has met its obligation to
20  provide a written explanation why the billing statement was correct. (Dkt. No. 7-11.) Thus, the
21  facts Plaintiff presents do not support a claim for relief.
22      Accordingly, Plaintiff's second amended complaint (Dkt. No. 7) is DISMISSED without
23  prejudice for failure to state a claim. However, the Court GRANTS Plaintiff leave to file
24  amended complaint curing the above-noted deficiencies within twenty-one (21) days of the date
25  of this order. If no amended complaint is timely filed or if Plaintiff files an amended complaint
26  that fails to correct the deficiencies identified above, the Court may dismiss Plaintiff's claims

1 | with prejudice under 28 U.S.C. section 1915(e)(2)(B)(ii) for failure to state a claim upon which
2 | relief may be granted.
3 |     Plaintiff is advised that an amended complaint operates as a complete substitute for an
4 | original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any
5 | amended complaint must clearly identify the defendant(s), the claims asserted, the specific facts
6 | which Plaintiff believes support each claim, and the specific relief requested.
7 |     The Clerk is DIRECTED to send Plaintiff a copy of this order as well as the appropriate
8 | forms so that he may file an amended complaint.

10 |     DATED this 2nd day of February 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE